## Minersville Borough, Appellant, *v.* Schuylkill Electric Railway Company (No. 2).

*Corporations—Excessive exercise of power—Private suitor.*

Where a corporation is charged with an excessive exercise of power, it is amenable to the commonwealth, but not to a private suitor, or another corporation, unless the suitor has sustained a private injury or the corporation has had its rights and franchises invaded.

*Street railways—Lease—Borough—Standing of borough to object to lease.*

Where a railway company incorporated under special act of assembly has the right to lay its tracks in a borough without municipal consent, the borough has no standing to object that the company exceeded its power in entering into an agreement for the use or lease of its tracks. This question can be raised only by the commonwealth.

Argued Feb. 16, 1903. Appeal, No. 254, Jan. T., 1902, by plaintiff, from decree of C. P. Schuylkill Co., Nov. T., 1900, No. 1, on bill in equity in case of Minersville Borough v. Schuylkill Electric Railway Company and the Pottsville Union Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the report of Minersville Borough v. Schuylkill Electric Railway Company and the Pottsville Union Traction Company (No. 1), ante, p. 394.

*Error assigned* was in refusing to enjoin the use of certain tracks on South Delaware avenue in Minersville.

*C. N. Brumm* and *David A. Jones*, for appellant.

*Guy E. Farquhar*, with him *R. H. Koch*, for appellees.

OPINION BY MR. JUSTICE FELL, April 20, 1903:

This is an appeal by the appellee in the preceding case from the refusal of the court to enjoin the use by the railway companies of 1,200 feet of tracks on South Delaware avenue in Minersville, which are a part of the line of the defendants' road that extends to Pottsville. These tracks were laid in

1873 by the People's Railway Company, a corporation chartered by act of assembly of April 4, 1865, and since 1895 have been used by agreement by the Schuylkill Electric Railway Company. The People's Railway Company had the right to lay its tracks in the borough without municipal consent, and the fundamental question at the hearing was whether the defendants had exceeded their powers in entering into an agreement for the use or lease of the tracks. This question could be raised only by the commonwealth. It was properly held by the learned judge that "whether any of the above companies exceeded their lawful authority by becoming a party to the contracts entered into, is a question of excessive exercise of power by a corporation, for which it is amenable to the commonwealth but not to a private suitor, or another corporation, unless such suitor has sustained a private injury, or such corporation has had its rights and franchises invaded. We hold that this plaintiff has not sustained such injury, and, as to that part of the road now under discussion, have no standing to maintain their bill:" Western Pennsylvania Railroad Co.'s Appeal, 104 Pa. 399.

The appeal is dismissed at the cost of the appellant.